E-FILED -- **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1427-GHK (PLAx) | Date | April 21, 2016 |
|---|---|---|---|
| Title | *Julie Guilbault v. TWC Administration, LLC, et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order re:** Motion to Remand [Dkt. 10]

   This matter is before us on Plaintiff Julie Guilbault's ("Guilbault") Motion to Remand ("Motion"). We have considered the papers filed in support of and in opposition to the Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

**I.     Background**

   Defendant TWC Administration, LLC ("TWC") employed Guilbault as an "Account Executive II" from April 8, 2013 through April 10, 2015. [Dkt. 4-1 ("Compl.") ¶ 7.] Defendant Carol Flores ("Flores") was a Human Resources Manager at TWC during this period.[1] (*Id.* ¶ 4.) TWC granted Flores "the authority to make personnel decisions such as hiring, firing, setting compensation, and allowed [Flores] to exercise other managerial duties and discretion that applied to [Guilbault]." (*Id.*) During her employment, Guilbault suffered "physical disabilities" including "Gastroenteritis, Generalized Anxiety Disorder and Major Depression" that limited her ability to work. (*Id.* ¶ 8.) From August 18, 2014 through March 10, 2015, Guilbault took a leave of absence due to her disabilities; while she was gone, Defendants allegedly filled her job position with another employee. (*Id.* ¶¶ 11-12.) Flores also informed Guilbault that she could not return to her former position and that her employment "would be terminated in thirty [] days unless [Guilbault], on her own, could find some other open position at the company and receive an offer for the vacant position." (*Id.* ¶ 13.) Though she tried, Guilbault could not meet this demand. (*See id.* ¶ 14.)

   Guilbault also claims that she needed accommodation for her disabilities. (*Id.* ¶ 9.) According to Guilbault, Defendants knew of her disabilities, history of disabilities, and need for accommodation, yet refused to provide reasonable accommodations. (*Id.* ¶ 10.) Guilbault complained about this failure to accommodate to Defendants prior to her termination. (*Id.* ¶ 15.) On April 10, 2015, TWC, through

---

   [1] TWC and Flores will collectively be referred to as "Defendants."

E-FILED -- **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1427-GHK (PLAx) | Date | April 21, 2016 |
|---|---|---|---|
| Title | *Julie Guilbault v. TWC Administration, LLC, et al.* | | |

"its managing agents, managers including [Flores] wrongfully terminated [Guilbault's] employment due to her [disabilities]; her need, and requests, for accommodation . . . and her need for, and/or use of, CFRA leave, and her complaints of unlawful harassment and discrimination." (*Id.* ¶ 16.) Guilbault also asserts that "[d]uring [Guilbault's] employment," Flores "harassed [Guilbault] because of her [disabilities]," which included "unwarranted criticism, scrutiny, reprimands of [Guilbault], [failure] to engage in the interactive process, [failure] to provide reasonable work accommodation(s), suspending her from work, refusing to allow her to work and earn compensation, and, ultimately, terminating her employment." (*Id.* ¶ 65.)

Guilbault filed a California state court action against Defendants, setting forth the following claims: (1) "Disability Discrimination in Violation of Cal. Gov. Code § 12940(a)"; (2) "Disability Discrimination in Violation of Cal. Gov. Code § 12940(m)—Failure to Provide Reasonable Accommodation"; (3) "Disability Discrimination in Violation of Cal. Gov. Code § 12940(n)—Failure to Engage in the Interactive Process"; (4) "California Family Rights Act Violation (Gov. Code § 12945.2)"; (5) "Retaliation in Violation of Cal. Gov. Code §§ 12940(h) and 12945(l)"; (6) "Wrongful Termination in Violation of Public Policy"; (7) "Disability Harassment in Violation of Cal. Gov. Code § 12940(j)"; and (8) "Failure to Prevent Harassment Discrimination and Retaliation in Violation of Cal. Gov. Code § 12940(k)." The only claim asserted against Flores is the claim for "Disability Harassment"; the remaining claims are only brought against TWC. Defendants removed this action on March 1, 2016, asserting that we have subject matter jurisdiction pursuant to 28 U.S.C. § 1332. [Dkt. 4 ("NOR").] Guilbault filed the present Motion on March 21, 2016, [Dkt. 10], and Defendants timely opposed, [Dkt. 11].

**II.    Removal Standard**

Remand may be ordered for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). In light of the "strong presumption against removal jurisdiction," a defendant "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). We "strictly construe the removal statute against removal jurisdiction," *id.*, and "[w]here doubt regarding the right to removal exists, a case should be remanded to state court," *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

A defendant can remove a case from state to federal court only if the case originally could have been filed in federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson*, 319 F.3d at 1090; *see also* 28 U.S.C. § 1332(a). Complete diversity exists if "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

E-FILED -- **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1427-GHK (PLAx) | Date | April 21, 2016 |
|---|---|---|---|
| Title | *Julie Guilbault v. TWC Administration, LLC, et al.* | | |

**III.   Discussion**

The Parties do not dispute that the amount-in-controversy requirement is satisfied in this case as Guilbault has, prior to removal, admitted that she is "seeking damages in this action in an amount exceeding $75,000, including attorney's fees, compensatory, emotion[al] distress and punitive damages, exclusive of interest and costs." (*See* NOR, Ex. C (Guilbault's response to request for admission number 1).) The Parties also do not dispute that (1) Guilbault is a California citizen, (*id.* ¶ 5); (2) TWC is a citizen of Delaware and New York, (*see id.* ¶ 3);[2] and (3) Flores is a California citizen, (*id.* ¶ 4). Because Guilbault and Flores are both California citizens, the complete diversity requirement is not satisfied. However, Defendants argue that we should disregard Flores's citizenship in assessing complete diversity because Flores "has been fraudulently joined to this action in order to defeat diversity jurisdiction." (*Id.*)

   **A.   Fraudulent Joinder Standard**

If a non-diverse defendant is fraudulently joined in an action, then "the defendant's presence in the lawsuit is ignored for purposes of determining diversity." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent . . . '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). "Merely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder." *Rico v. Jones LaSalle Ams., Inc.*, 2014 WL 1512190, at *2 (C.D. Cal. Apr. 16, 2014). A defendant is only considered fraudulently joined if "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the [defendant] whose joinder is questioned." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009). "If there is a non-fanciful possibility that [a] plaintiff can state a claim under California law against the non-diverse defendants the court must remand." *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002). A defendant must show that the non-diverse defendant "cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). There is a "general presumption against fraudulent joinder." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

---

   [2] TWC is a limited liability company with sole member Time Warner Cable, Inc. (NOR ¶ 3.) Time Warner Cable, Inc. is a Delaware corporation with its principal place of business in New York. (*Id.*) Thus, TWC is a citizen of Delaware and New York. *See Johnson v. Colom. Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

E-FILED -- **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1427-GHK (PLAx) | Date | April 21, 2016 |
|---|---|---|---|
| Title | *Julie Guilbault v. TWC Administration, LLC, et al.* | | |

### B. Analysis

Defendants argue that Flores "has been fraudulently joined because [Guilbault] has failed to state a legitimate [harassment] claim against Flores, which is obvious from the face of the Complaint." (NOR ¶ 4.) Defendants assert that Flores's conduct constitutes mere personnel actions, which cannot form the basis of a harassment claim. Guilbault contends that Flores was not fraudulently joined because (1) Flores's conduct does form the basis for a harassment claim; and (2) Defendants have failed to show that Guilbault could not cure any deficiencies in the harassment claim by amending the Complaint.

The Fair Employment and Housing Act ("FEHA") prohibits an employer from harassing an employee on the basis of, among other things, the employee's disabilities. *See* Cal. Gov't Code § 12940(j)(1). "[H]arassment in the workplace can take the form of discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Rehmani v. Superior Court*, 204 Cal. App. 4th 945, 951 (2012) (internal quotation marks omitted). FEHA harassment claims can be asserted against individuals. *See* Cal. Gov't Code § 12940(j). However, "the exercise of personnel management authority properly delegated by an employer to a supervisory employee might result in discrimination, but not in harassment." *Reno v. Baird*, 18 Cal. 4th 640, 646 (1998). Thus, "commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment." *Id.* at 646-47.

Nevertheless, "some official employment actions done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 709 (2009). Viewing the Complaint in a light most favorable to Guilbault, it is at least possible that she has sufficiently stated a harassment claim against Flores. The Complaint alleges that Flores bestowed "unwarranted criticism, scrutiny, [and] reprimands" on Guilbault and further alleges that Flores discriminated against Guilbault because of Guilbault's disability. (*See* Compl. ¶¶ 16, 65.) These "allegations of harassment, coupled with [the] corresponding allegations of discrimination, may suffice to state a harassment claim against [Flores]." *Hale v. Bank of Am., N.A.*, 2013 WL 989968, at *6 (C.D. Cal. Mar. 13, 2013) (reasoning, in a fraudulent joinder analysis, that a plaintiff likely pleaded a harassment claim against a manager where the manager allegedly "publicly ostracized plaintiff, withheld items he gave to other employees, and harshly reprimanded her for absences," and where "plaintiff assert[ed] that [the manger's] personnel decisions were motivated by discrimination"); *see also Rios v. Career Educ. Corp.*, 2014 WL 6670138, at *5 (C.D. Cal. Nov. 24, 2014) ("In light of *Roby*, [the individual defendant's] managerial conduct may be relevant to plaintiff's harassment claim. It follows that plaintiff's allegations against [the individual defendant], including conduct deemed managerial, could suffice to state a claim for harassment in state court."); *Andrade v. Staples, Inc.*, 2014 WL 5106905, at *1-3 (C.D. Cal. Oct. 9, 2014) (reasoning that a manager's age-based "chid[ing]" of a plaintiff, "along with assignments, reprimands, and monitoring

E-FILED -- **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1427-GHK (PLAx) | Date | April 21, 2016 |
|---|---|---|---|
| Title | *Julie Guilbault v. TWC Administration, LLC, et al.* | | |

allegedly based on Plaintiff's age" gave rise to "a possibility that Plaintiff may prevail against [the manager] on his harassment cause of action").

Even assuming that Guilbault has presently failed to state a claim for harassment against Flores, Defendants have not shown—or even attempted to show—by clear and convincing evidence that Guilbault "cannot amend the pleading to state a viable harassment claim." *See Hale*, 2013 WL 989968, at *6 ("[Defendant] does not address the possible sufficiency of a future amended complaint; instead, it asserts that plaintiff has failed adequately to state a harassment claim in her current complaint. Thus, 'the complaint's shortcomings, if any, are strictly factual.'"); *see also Ontiverso v. Michaels Stores, Inc.*, 2013 WL 815975, at *6 (C.D. Cal. Mar. 5, 2013) ("Even if the complaint does not allege sufficient facts to plead a viable harassment claim against [an individual defendant], [removing defendant] has not shown that the [plaintiff] could not amend to add additional allegations of harassment."); *Padilla*, 697 F. Supp. 2d at 1159 ("Even if Plaintiff did not plead facts sufficient to state a claim against [an individual defendant], Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover against [the individual defendant] for harassment under the FEHA."). Accordingly, there is a non-fanciful possibility that Guilbault could amend the Complaint to state a harassment claim against Flores under California law.

In sum, Defendants have failed to meet their heavy burden of showing that Guilbault could not, under any theory, recover on her harassment claim against Flores. We therefore decline to disregard Flores's citizenship for the purposes of diversity jurisdiction.

**IV.     Conclusion**

We lack subject matter jurisdiction because the Parties in this action are not completely diverse. Guilbault's Motion is **GRANTED**, and we **REMAND** this action to the state court from which it was removed. The clerk shall effectuate such remand forthwith.

The scheduling conference set for Monday, **May 2, 2016 at 1:30 p.m.** is **VACATED** and **TAKEN OFF CALENDAR**.

**IT IS SO ORDERED.**

-- : --

Initials of Deputy Clerk            Bea